**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BROADCAST MUSIC, INC.,<br><br>       Petitioner,<br><br>  v.<br><br>SIRIUS XM RADIO LLC f/k/a SIRIUS XM<br>RADIO INC.,<br><br>       Respondent. | 24 Civ. 6896 (KPF)<br><br>Related to *United States v. Broadcast*<br>*Music, Inc.*, 64 Civ. 3787 (LLS) |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, certain documents and information may be sought, produced, exhibited, or otherwise disclosed in the above-captioned action (the "Action"), which relate to the parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party making the disclosure deems confidential; and

WHEREAS, it has been agreed by the parties to this Action, through their respective counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York;

IT IS HEREBY STIPULATED AND AGREED THAT the provisions of this Stipulation and Protective Order (the "Protective Order") shall govern all Discovery Material (as defined below) produced, exhibited, or otherwise disclosed during this Action.

1. **DEFINITIONS**

  1.1  "Acknowledgement" means the Acknowledgement and Agreement to be Bound by the Protective Order set forth at Exhibit A to this Protective Order.

  1.2  "Action" means the above-captioned action.

  1.3  "Applicable Rules" means the applicable provisions of the Federal Rules of Civil Procedures, the Local Civil Rules of the United States District Court for the Southern District of

New York, and the Court's Individual Rules of Practice in Civil Cases, as well as any other applicable rules of any appellate court in any appeal of this Action or orders entered by the Court or any appellate court in this Action.

1.4     "Confidential" Information means any Discovery Material that the Supplying Party:  (1) reasonably and in good faith believes contains or would disclose non-public, confidential, personal, proprietary, financial, customer, client or commercially sensitive information, confidential trade secrets, or non-public research that is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) designates as "CONFIDENTIAL" pursuant to this Protective Order.

1.5     "Designated Material" means any Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" pursuant to this Protective Order.

1.6     "Discovery Material" means all information of any kind produced, exhibited, or otherwise disclosed in this Action, including, without limitation, documents, ESI, written discovery responses, deposition testimony or other testimony, deposition exhibits, and the information contained in any of the foregoing.  Information copied or extracted from Discovery Material, as well as all copies, excerpts, summaries, or compilations thereof, shall constitute Discovery Material for the purposes of this Protective Order.

1.7     "ESI", an abbreviation of "electronically stored information," is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a)(1)(A).

1.8     "Expert" means a person who is not an owner, director, officer, or employee of a Party, who is actually assisting a Party in this Action by serving as an expert witness or as a consultant with respect to this Action, as well employees, staff, and other personnel supporting such person or working under such person's direction.

1.9     "Highly Confidential" Information means Confidential Information that the Supplying Party:  (1) reasonably and in good faith believes constitutes and/or contains trade secrets or other extremely sensitive confidential and/or proprietary information the disclosure of which,

even if limited to the persons to whom disclosure of Confidential Information is permitted under paragraph 4.1 of this Protective Order, may materially compromise and/or jeopardize the commercial, financial, strategic, or business interests of such Supplying Party or its personnel, clients, or customers; and (2) designates as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order.

1.10    "In-House Counsel" means attorneys employed by a Party who are actually assisting in this Action and other legal department personnel, employees, and contract staff working under the direction of such attorneys in connection with this Action (including paralegals, stenographic, clerical, and litigation support services personnel).

1.11    "Objecting Party" means a Party who serves a written objection pursuant to paragraph 5.2 of this Protective Order.

1.12    "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action and who are actually assisting in this Action, and other personnel, employees, and contract staff of such attorneys or their law firms working under the direction of such attorneys in connection with this Action (including paralegals, stenographic, clerical, and litigation support services personnel).

1.13    "Outside Counsel Only" Information means Confidential Information that the Supplying Party: (1) reasonably and in good faith believes constitutes and/or contains trade secrets or other extremely sensitive confidential research, development, strategic, proprietary, or commercially sensitive information the disclosure of which, even if limited to the persons to whom disclosure of Confidential or Highly Confidential Information is permitted under paragraphs 4.1 or 4.2 of this Protective Order, may materially compromise and/or jeopardize the commercial, financial, strategic, or business interests of such Supplying Party or its personnel, clients, or customers; and (2) designates as "OUTSIDE COUNSEL ONLY" pursuant to this Protective Order.

1.14    "Party" or "Parties" refers individually or collectively to the named Petitioner and named Respondent in this Action.

1.15    "Privileged Material" means documents or information that is protected from disclosure under the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, exemption, or immunity.

1.16    "Professional Vendors" means persons or entities that are not employed by a Party or Outside Counsel to that Party (or the law firm with which Outside Counsel is associated), but which provide litigation support services to that Party or Outside Counsel to that Party (*e.g.*, photocopying; videotaping; translating; data processing; preparing graphics, exhibits, or demonstrations; organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.17    "Receiving Party" means any person or entity that receives Discovery Material in this Action, subject to the provisions of this Protective Order.

1.18    "Redesignated Material" means Discovery Material the confidentiality designation of which is designated, redesignated, or withdrawn following its production, exhibition, or disclosure in this Action pursuant to paragraph 3.3 of this Protective Order.

1.19    "Requesting Party" means a Party who serves a written request pursuant to paragraph 5.1 of this Protective Order.

1.20    "Supplying Party" means any person or entity that produces, exhibits, or otherwise discloses Discovery Material in this Action, subject to the provisions of this Protective Order. A Party is a Supplying Party with respect to a deposition in this Action of: (i) any witness with which that Party is associated (including any witness that is a present or former owner, director, officer, employee, partner, representative, or Expert of that Party); and (ii) any other witness during whose deposition that Party's Confidential, Highly Confidential, or Outside Counsel Only Information is disclosed or exhibited. A nonparty that is not associated with a Party and elects to avail itself of, and agrees to be bound by, the terms and conditions of this Protective Order, is a Supplying Party with respect to a deposition in this Action of such nonparty, and if such nonparty is an entity, with respect to a deposition of a witness associated with such nonparty entity (*i.e.*, a witness testifying

in his or her capacity as a present owner, director, officer, employee, partner, or representative of such nonparty entity).

## 2.    SCOPE AND LIMITATIONS

2.1    <u>Scope</u>.  This Protective Order shall govern all Discovery Material produced, exhibited, or otherwise disclosed in this Action.  This Protective Order is binding upon the undersigned Parties, including their respective corporate parents, subsidiaries, and affiliates and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.  Subpoenaed nonparties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

2.2    <u>Limitations and No Waiver</u>.  Nothing in this Protective Order is intended to limit a Requesting Party's right to seek, or a Supplying Party's right to object to, discovery pursuant to applicable law or the Applicable Rules or to affect in any manner the admissibility at trial or otherwise of any Discovery Material.  Production pursuant to this Protective Order shall not be deemed a waiver of the status of any Discovery Material as a trade secret or any applicable claim of privilege, protection, exemption, or immunity from disclosure, or any Party's right to contest such a claim.

## 3.    DESIGNATING DISCOVERY MATERIAL AS DESIGNATED MATERIAL

3.1    <u>General</u>.  Any Supplying Party shall have the right to identify and designate, through counsel, as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" any Discovery Material it produces or discloses in this Action that the Supplying Party reasonably and in good faith believes constitutes, reflects, or discloses its Confidential, Highly Confidential, or Outside Counsel Only Information, pursuant to the parameters set forth in this Protective Order.  Any Discovery Material provided or disclosed in this Action for inspection shall be treated by the Receiving Party presumptively as Confidential

Information (unless informed at the inspection that a higher designation applies) pending the copying and delivery of any copies of the same by the Supplying Party to the Receiving Party.

      3.2   <u>Manner and Timing of Designations Generally</u>.  Subject to paragraph 3.3 and except as otherwise provided in this Protective Order or as otherwise agreed upon in writing by the Parties or ordered by the Court, a Supplying Party shall designate Discovery Material for protection under this Protective Order by clearly designating such Discovery Material as Designated Material before it is produced, exhibited, or otherwise disclosed in this Action.  The Supplying Party may designate Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" as follows:

      3.2.1   <u>Documents and Written Discovery Responses</u>.  Documents and written discovery responses (whether formal or informal) containing Confidential, Highly Confidential, or Outside Counsel Only Information shall be designated as such by imprinting the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" on each page or next to or above any response containing such Confidential, Highly Confidential, or Outside Counsel Only Information.  If it is not feasible to imprint such legend on each such page or next to or above any such response, such legend shall be imprinted on at least the first page of the document or response.

      3.2.2   <u>ESI</u>. ESI containing Confidential, Highly Confidential, or Outside Counsel Only Information shall be designated as such, whenever possible, as provided in paragraph 3.2.1. If ESI is not susceptible to being designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" as provided in paragraph 3.2.1, it shall be designated as such by:  (1) including the appropriate confidentiality designation in the metadata associated with the ESI file; (2) affixing the appropriate confidentiality designation legend on the single-page placeholder TIFF image associated with the ESI file in compliance with paragraph 3.2.1; (3) altering the file name of the native ESI file to indicate its confidentiality (*e.g.*, "Conf.", "HighlyConf." or "OutsideCounsel"); and/or (4) including a statement in the transmittal cover letter accompanying its production that such ESI is designated as "CONFIDENTIAL", "HIGHLY

CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY". If a Receiving Party prints out ESI that is Designated Material but that does not contain the appropriate confidentiality designation legend on the print-out, the Receiving Party shall affix the appropriate legend associated with that ESI as provided in paragraph 3.2.1.

      3.2.3   <u>Depositions</u>. By default, all information disclosed at a deposition taken in connection with this Action, and all deposition transcripts, recordings, and exhibits, presumptively shall be treated as Confidential Information subject to this Protective Order during the deposition and until thirty (30) calendar days following receipt by Outside Counsel for each of the Parties of the final transcript of such deposition, unless a higher confidentiality designation is requested as provided in this paragraph 3.2.3 or otherwise agreed to by the Parties in writing. Subject to the parameters set forth in this Protective Order, a Supplying Party with respect to a deposition taken in connection with this Action may designate information disclosed or exhibited at that deposition as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" by:

      (a)   designating the testimony or any exhibit as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" on the record during the taking of the deposition, in which case the court reporter and video operator (as applicable) shall mark the transcript, recording, and/or exhibit, or each such page, line, or portion thereof so designated, as provided in paragraphs 3.2.1 and 3.2.2, as applicable; or

      (b)   providing written notice (which shall include email) to Outside Counsel for all other Parties (and, if applicable, any other Supplying Party) within thirty (30) calendar days of receipt of the final transcript of the deposition (or such other time period that is agreed upon in writing by the Parties) of its designation of the deposition, specific pages, lines, or portions of the transcript or recording thereof, or any exhibit thereto as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY", whereupon each recipient of such notice shall attach a copy of such written designation to the

face of any transcript or recording of the deposition, or any exhibit thereto, and each copy thereof in that recipient's possession, custody, or control.  Any deposition testimony or exhibit so designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" pursuant to this paragraph thereafter shall be treated as such in accordance with this Protective Order.  If any deposition testimony or exhibit is not designated within the prescribed time period (or such other time period that is agreed upon in writing by the Parties), then such testimony or exhibit shall not be deemed "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY", except as agreed upon in writing by the Parties, ordered by the Court, or as otherwise provided in this Protective Order.

3.3    <u>Redesignation of Discovery Material.</u>  Production of any Discovery Material without a confidentiality designation will not be deemed to waive a later claim to its confidential nature or restrict the Supplying Party from designating said Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" at a later date.

3.3.1    Any Supplying Party may designate or redesignate any Discovery Material it produced, exhibited, or otherwise disclosed in this Action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" or withdraw any such designation ("<u>Redesignated Material</u>"); provided, however, that (1) such redesignation shall be effective only as of the date of such redesignation; and (2) any disclosure of such Redesignated Material by any Receiving Party prior to the date of such redesignation and in a manner permitted under the provisions of this Protective Order governing such disclosure at that time shall not be deemed a violation of the provisions of this Protective Order.

3.3.2    Redesignation (whether a new designation, an upward designation, a downward designation, or a withdrawal of a prior designation) shall be accomplished by providing written notice (which shall include email) to Outside Counsel for each Party of such redesignation

(or withdrawal) and identifying therein (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Upon receipt of any such written notice of redesignation, Outside Counsel for any Receiving Party shall: (1) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (2) take reasonable steps to notify any persons known to have possession of any such Redesignated Material of the treatment of such material required under this Protective Order pursuant to the redesignation; and (3) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt of the same under the applicable provisions of this Protective Order governing the disclosure of the Redesignated Material (*i.e.*, paragraphs 4.1, 4.2, or 4.3).

       3.3.3   Any Party may object to a new designation or the upward designation of Discovery Material pursuant to the procedures set forth in Section 5 of this Protective Order.

## 4.      ACCESS TO AND USE OF DESIGNATED MATERIAL

    4.1   <u>Confidential Information</u>. A Receiving Party may disclose Confidential Information only to the following persons:

      (a)   The Receiving Party's Outside Counsel to whom disclosure is reasonably necessary for the purposes of this Action;

      (b)   The Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for the purposes of this Action, provided that such In-House Counsel has first executed the Acknowledgment;

      (c)   The Receiving Party's and its Outside Counsel's Professional Vendors to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such Professional Vendor has first executed the Acknowledgment;

      (d)   The Receiving Party's directors, officers, and employees to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such

person has first executed the Acknowledgment;

(e) Subject to the further provisions of paragraph 4.7, any Expert to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such Expert has first executed the Acknowledgment;

(f) The Court in this Action, including any magistrate judge, any appellate court in this Action, and any court-appointed mediator or any mediator agreed to by the Parties in writing, and any members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action, provided that, with respect to any mediator agreed to by the Parties, such mediator has first executed the Acknowledgment;

(g) Professional court reporters and video operators transcribing or recording testimony relating to this Action, and members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action;

(h) The authors or recipients of the Designated Material (including those identified as author(s), addressee(s), or recipient(s) on the Discovery Material or its corresponding metadata), or any other natural person who reviewed or had access to such Designated Material during his or her employment as a result of the substantive nature of his or her employment position;

(i) During the course of a deposition, to any witness who is a current director, officer, or employee of the Supplying Party or any Receiving Party, provided that, with respect to any current director, officer, or employee of any Receiving Party, such person has first executed the Acknowledgment;

(j) Any other person or entity with the express authorization of the Supplying Party; and

(k) Any other person or entity who, upon motion to the Court after reasonable written notice to all affected Parties and where applicable, any other Supplying Party, or upon application made by a Party (including by application made in

the course of a deposition where the ability to show such material to the deponent is in issue), the Court orders may have access.

4.2    <u>Highly Confidential Information</u>.  The Parties recognize that there may be certain discrete categories of Discovery Material, or portions thereof, that constitute Highly Confidential Information.   A Receiving Party may disclose Highly Confidential Information only to the following persons:

(a)    The Receiving Party's Outside Counsel to whom disclosure is reasonably necessary for the purposes of this Action;

(b)    The Receiving Party's In-House Counsel to whom disclosure is reasonably necessary for the purposes of this Action, provided that such In-House Counsel has first executed the Acknowledgment;

(c)    The Receiving Party's and its Outside Counsel's Professional Vendors to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such Professional Vendor has first executed the Acknowledgment;

(d)    Subject to the further provisions of paragraph 4.7, any Expert to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such Expert has first executed the Acknowledgment;

(e)    The Court in this Action, including any magistrate judge, any appellate court in this Action, and any court-appointed mediator or any mediator agreed to by the Parties in writing, and any members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action, provided that, with respect to any mediator agreed to by the Parties, such mediator has first executed the Acknowledgment;

(f)    Professional court reporters and video operators transcribing or recording testimony relating to this Action, and members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action;

(g)    The authors or recipients of the Designated Material (including those identified

as author(s), addressee(s), or recipient(s) on the Discovery Material or its corresponding metadata), or any other natural person who reviewed or had access to such Designated Material during his or her employment as a result of the substantive nature of his or her employment position;

(h) During the course of a deposition, to any witness who is a current director, officer, or employee of the Supplying Party;

(i) Any other person or entity with the express authorization of the Supplying Party; and

(j) Any other person or entity who, upon motion to the Court after reasonable written notice to all affected Parties and where applicable, any other Supplying Party, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is in issue), the Court orders may have access.

4.3    <u>Outside Counsel Only Information</u>.    The Parties recognize that, in limited circumstances, there may be certain discrete categories of Discovery Material, or portions thereof, that constitute Outside Counsel Only Information.    A Receiving Party may disclose Outside Counsel Only Information only to the following persons:

(a) The Receiving Party's Outside Counsel to whom disclosure is reasonably necessary for the purposes of this Action;

(b) The Receiving Party's and its Outside Counsel's Professional Vendors to whom disclosure is reasonably necessary for the purposes of this Action, provided that each such Professional Vendor has first executed the Acknowledgment;

(c) Subject to the further provisions of paragraph 4.7, any Expert to whom disclosure is reasonably necessary for the purposes of this Action, provided that such Expert has first executed the Acknowledgment;

(d) The Court in this Action, including any magistrate judge, any appellate court in this Action, and any court-appointed mediator or any mediator agreed to by the

Parties in writing, and any members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action, provided that, with respect to any mediator agreed to by the Parties, such mediator has first executed the Acknowledgment;

(e)     Professional court reporters and video operators transcribing or recording testimony relating to this Action, and members of their respective staffs to whom disclosure is reasonably necessary for the purposes of this Action;

(f)     The authors or recipients of the Designated Material (including those identified as author(s), addressee(s), or recipient(s) on the Discovery Material or its corresponding metadata), or any other natural person who reviewed or had access to such Designated Material during his or her employment as a result of the substantive nature of his or her employment position;

(g)     During the course of a deposition, to any witness who is a current director, officer, or employee of the Supplying Party;

(h)     Any other person or entity with the express authorization of the Supplying Party; and

(i)     Any other person or entity who, upon motion to the Court after reasonable written notice to all affected Parties and where applicable, any other Supplying Party, or upon application made by a Party (including by application made in the course of a deposition where the ability to show such material to the deponent is in issue), the Court orders may have access.

4.4     Persons having knowledge of Confidential, Highly Confidential, and/or Outside Counsel Only Information by virtue of their participation in the conduct of this Action shall use such Confidential, Highly Confidential, and/or Outside Counsel Only Information only in connection with this Action and any appeal in this Action and shall neither:   (1) use such Confidential, Highly Confidential, and/or Outside Counsel Only Information for any other purpose, including, without limitation, in connection with any other proceedings or unrelated

negotiations, regardless of whether the Parties are parties to such other proceedings or negotiations; nor (2) disclose any such (a) Confidential Information to any person who is not listed in paragraph 4.1 of this Protective Order, (b) Highly Confidential Information to any person who is not listed in paragraph 4.2 of this Protective Order, and/or (c) Outside Counsel Only Information to any person who is not listed in paragraph 4.3 of this Protective Order, unless otherwise agreed in writing by the Supplying Party, ordered by the Court, or as provided in Section 7 of this Protective Order. Outside Counsel for a Receiving Party shall take all reasonable and necessary steps to assure the security of any Confidential, Highly Confidential, and/or Outside Counsel Only Information and to limit access to the same in accordance with the provisions of this Protective Order. Outside Counsel Only Information produced or provided by any Supplying Party will be kept in the Receiving Party's Outside Counsel's possession and/or in the possession of the Receiving Party's Experts or other persons entitled to receive copies of such Designated Material pursuant to paragraph 4.3.

      4.5   <u>Artificial Intelligence Tools</u>. Designated Material shall not be submitted to any open Generative AI tool that is available to the public (*e.g.*, ChatGPT) or any substantially similar tool that is available to the public. Provision of Designated Material to any such open Generative AI tool constitutes an unauthorized disclosure under this Protective Order. Any Receiving Party that submits any Designated Material designated as such by a Supplying Party to a closed Generative AI tool (for example, a Generative AI tool that it owns or licenses or is otherwise not available to the general public) must ensure the closed Generative AI tool's settings: (1) prevent it from disclosing Designated Material to any third party to whom such disclosure is not authorized under this Protective Order, including without limitation other users or developers of the Generative AI tool; (2) prevent it from learning from the Designated Material to fine-tune itself or for other purposes; and (3) allow for the deletion or destruction of any Designated Material supplied to it or contained in responses generated by it. Provision of Designated Material to a closed Generative AI tool that cannot be set to prevent disclosure to third parties to whom such disclosure is not authorized under this Protective Order or to delete or otherwise destroy

information submitted to it or generated by it constitutes an unauthorized disclosure under this Protective Order. All professional court reporters and video operators who transcribe or record testimony in this Action shall be informed of the restrictions imposed by this paragraph 4.5.

4.6    Acknowledgments. Prior to the disclosure of any Designated Material to any person identified in paragraphs 4.1, 4.2, and/or 4.3 as being required to first execute an Acknowledgement before receiving any such Designated Material, such person shall be provided with a copy of this Protective Order, which he or she shall read and, upon reading, execute the Acknowledgement in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all executed Acknowledgments shall be maintained by Outside Counsel for the Party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*. Persons who come into contact with Designated Material for clerical or administrative purposes pursuant to the direction of a person identified in paragraphs 4.1, 4.2, and/or 4.3, and who do not retain copies or extracts thereof, are not required to execute an Acknowledgement.

4.7    Disclosures to Certain Experts. Prior to the disclosure of any Designated Material to any Expert, as identified in paragraphs 4.1(e), 4.2(d), and/or 4.3(c), who is currently employed in-house by a music publisher or has been so employed in-house by a music publisher within the six (6) month period preceding any such proposed disclosure, the Receiving Party desiring to disclose such Designated Material to such Expert shall first disclose to the Supplying Party in writing (which shall include email) the identity of the person(s) to whom the Receiving Party wishes to disclose the Designated Material. The required disclosure shall contain the name, title, and employment information of the Expert (or staff person), including current employer and any past employers engaged in the identified industries. Upon receipt of the written notice, the Supplying Party whose Designated Material is to be disclosed will have three (3) business days to communicate in writing (which shall include email) the denial of permission for the requesting Receiving Party to allow the identified person(s) to view the Designated Material. During that time, such Designated Material shall not be disclosed to the person(s) in question. The lapse of

the aforementioned three (3) business day period without the Supplying Party's written denial of the request to disclose shall operate as a grant of permission. Such permission shall not be unreasonably withheld. If the Parties disagree as to whether any withholding of permission was reasonable, the Parties shall promptly meet and confer in good faith in an effort to resolve the disagreement. If the Parties are unable to resolve the dispute, the Supplying Party objecting to disclosure may seek the Court's assistance to resolve the matter by filing a pre-motion letter within three (3) business days after the meet-and-confer process concludes, in accordance with the Applicable Rules. Pending resolution of the dispute by the Court, the Designated Material in issue shall continue to be withheld from the proposed Expert.

**5.    CHALLENGES TO DESIGNATIONS AND ACCESS**

5.1    Any Party may request at any time permission to disclose Designated Material (the "Requesting Party") to a person or entity other than those permitted under the applicable paragraph of this Protective Order governing disclosure of such Designated Material (*i.e.*, paragraph 4.1, 4.2, or 4.3), or to use such information in a manner prohibited by this Protective Order, by serving a written request (which shall include email) upon the Supplying Party's counsel. Any such request shall identify the Designated Material the Requesting Party wishes to disclose or use, to whom it wishes to make disclosure or how it wishes to use such Designated Material, and the reason(s) and purpose(s) therefor. The Supplying Party or its counsel shall thereafter respond to the request in writing (which shall include email) as soon as practicable, but within five (5) business days of its receipt of such request, and if consent is withheld, it shall state the reasons why consent is being withheld. If the Requesting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the Designated Material in issue, the Requesting Party shall be free to move the Court for an order permitting the requested disclosure in accordance with the Applicable Rules. On such a motion, it will be the burden of the Supplying Party to justify its reasons for withholding consent. Pending the resolution of the motion, the Designated Material in issue shall continue to be treated in the manner as designated by the Supplying Party until the

Court orders otherwise. Such requests are without prejudice to the right of the Requesting Party to challenge a designation pursuant to paragraph 5.2 below.

5.2     Any Party may object to the propriety of the designation (or redesignation) of specific Discovery Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" ("Objecting Party") by serving a written objection (which shall include email) upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within five (5) business days, respond in writing (which shall include email) to such objection by either: (1) agreeing to remove or change the designation; or (2) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the designation or the terms and conditions of disclosure for the Designated Material in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation in accordance with the Applicable Rules. On such a motion, it will be the burden of the Supplying Party to justify the limitation on circulation of the Designated Material in issue. Pending the resolution of the motion, the Designated Material in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

## 6.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

6.1     If a Receiving Party learns that it has disclosed Designated Material of a Supplying Party to any person or entity or in any circumstance not authorized under this Protective Order, that Receiving Party shall, upon learning of such disclosure: (1) immediately notify the Supplying Party of the disclosure and all pertinent facts known to that Receiving Party relating to such disclosure; (2) make all reasonable efforts to secure the return or deletion of such Designated Material by each unauthorized person who received it and prevent further disclosure by each such unauthorized person; (3) inform each such person or entity to whom unauthorized disclosures were made of all the terms of this Protective Order; and (4) request that such persons or entities execute the Acknowledgement.

6.2    An unauthorized disclosure of any Designated Material by any Receiving Party does not change the confidentiality designation assigned to it by the Supplying Party and does not waive such Supplying Party's right to maintain that confidentiality designation as otherwise provided under the provisions of this Protective Order.

## 7.    PRODUCTION OF DESIGNATED MATERIAL REQUIRED BY LEGAL PROCESS

7.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process from any court or federal or state regulatory or administrative body or agency seeking disclosure of any Designated Material designated as such by a Supplying Party, to the extent permitted by law, regulation, or the rules and requirements of any relevant governmental regulatory or administrative authority:

(a)    The Receiving Party shall notify the Supplying Party in writing, and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and prior to any disclosure, and, in any event, wherever reasonably practicable, no later than the earlier of five (5) business days after the Receiving Party's counsel becomes aware of the legal process or ten (10) calendar days before the deadline to respond to the request, subpoena, order, or legal process seeking disclosure; and

(b)    The Receiving Party shall promptly: (i) deliver a copy of this Protective Order to the party that caused the discovery request, subpoena, order, or other form of legal process to issue; and (ii) inform that party that some or all of the information covered by the discovery request, subpoena, order, or other form of legal process is subject to this Protective Order.

7.2    The Receiving Party shall not produce the requested Designated Material unless required by law, regulation, or the rules and requirements of any relevant governmental regulatory or administrative authority, or if a court of competent jurisdiction so directs, except if the Supplying Party (a) consents, (b) fails to file a motion to quash, or (c) fails to notify the Receiving

Party in writing of its intention to contest the production of the Designated Material prior to the date designated for production of the Designated Material, in which event the Receiving Party may produce on the production date, absent the Supplying Party's consent.    In connection with any production of Designated Material subject to this Protective Order, the Receiving Party shall request confidential treatment for the Designated Material substantially similar to the applicable requirements of this Protective Order.    In the event that Designated Material is produced to a nonparty in the manner contemplated in this Section 7, such Discovery Material shall otherwise continue to be treated in the manner as designated by the Supplying Party in this Action and subject to the provisions of this Protective Order.

7.3    The Supplying Party shall bear all responsibility for any objections to the production of such Designated Material.  Nothing in this Protective Order shall be construed as authorizing or requiring any Party or nonparty to disobey any law, court order, subpoena, or other form of legal process issued from any federal, state, or other regulatory or administrative authority requiring the production of Designated Material.

## 8.    DISCLOSURE OF PRIVILEGED MATERIAL

8.1    Pursuant to the agreement of the Parties under Federal Rule of Evidence 502(e) and by order of this Court under Federal Rule of Evidence 502(d), disclosure of Discovery Material in this Action, whether inadvertent or otherwise, shall be subject to and shall not waive or impair, for purposes of this Action or otherwise, any claim of privilege, protection, exemption, or immunity from disclosure, including, but not limited to, the attorney-client privilege or work product doctrine, concerning such Discovery Material or the subject matter thereof, and is without prejudice to any Party's right to contest such a claim.  Each Party reserves the right to redesignate as Privileged Material any Discovery Material that it produces.  For the avoidance of doubt, any provisions of Federal Rule of Evidence 502(b) that would provide narrower protections for Privileged Material in the event of disclosure are inapplicable to the disclosure of Discovery Material in this Action.

8.2     If a Supplying Party believes that it produced Discovery Material that constitutes Privileged Material, that Supplying Party shall provide written notice (which shall include email) to each Receiving Party of the claim of privilege, protection, exemption, or immunity and the basis for such claim.  Thereafter, within five (5) business days of its receipt of such notice, any Receiving Party to which the claimed Privileged Material in issue was produced shall return, sequester, or destroy all copies of the same in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and provide a certification of counsel of such treatment, and shall promptly attempt to obtain all copies of such claimed Privileged Material which were transmitted to other persons, firms, or entities. For the avoidance of doubt, the provisions of paragraph 13.4 apply equally to a Receiving Party's obligations to return, sequester, or destroy any claimed Privileged Material.

8.3     Notwithstanding paragraph 8.2, a Receiving Party may sequester a copy of any Discovery Material that is claimed as Privileged Material, in a secure medium that is segregated from any general document depositories that such Receiving Party has established, for purposes of evaluating the claim of privilege and may promptly present the information to the Court under seal for a determination of the claim pursuant to the Applicable Rules.  The production of Privileged Material, whether inadvertent or otherwise, shall not itself serve as the basis of any motion to the Court.  The Supplying Party bears the burden of establishing the privilege, protection, exemption, or immunity with respect to all Discovery Material it seeks to redesignate as Privilege Material.

8.4     Any Receiving Party that discovers it has received what it believes may be inadvertently produced Privileged Material shall provide prompt notice to the Supplying Party of the same.

## 9.     USE OF DESIGNATED MATERIAL IN COURT FILINGS AND OPEN COURT

9.1     <u>Submissions to the Court or Appellate Court</u>.  Except as agreed in writing by counsel for the Supplying Party or ordered by the Court or any appellate court in this Action, to the extent that any Designated Material is, in whole or in part, contained in, incorporated

in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, exhibit, or other judicial filing, counsel shall file that submission under seal and/or in redacted form in accordance with the Applicable Rules.

9.2     <u>Use in Open Court</u>.  The Parties shall be free to use any Designated Material at any pretrial conferences, hearings, trial, and in any appeals related to this Action, but shall work together to fashion appropriate measures to limit the disclosure of such Designated Material.   The Court shall issue any relief it finds necessary or appropriate, upon motion or agreement of the Parties, prior to trial.  Unless otherwise directed by the Court, as part of any pretrial conference or any meet and confer regarding the use of exhibits in open court, and at least forty-eight (48) hours prior to the use of any Designated Material in open court, including at any conference, hearing, trial, or appellate argument, Outside Counsel for any Receiving Party who desires to offer or use such Designated Material in open court shall meet and confer in good faith with the Supplying Party to discuss ways to redact or otherwise minimize the disclosure of the Designated Material, so that it may be offered or otherwise used by any Party, in accordance with applicable law and the Applicable Rules.   If the Parties, and where applicable, any other Supplying Party, are unable to resolve a dispute related to such Designated Material, or if it was not reasonably feasible to meet and confer at least forty-eight (48) hours prior to use, then any Party (or, where applicable, any other Supplying Party), may request relief from the Court in accordance with the Applicable Rules.

## 10.     ADVICE TO CLIENTS

10.1     Notwithstanding any other provisions of this Protective Order, nothing in this Protective Order shall bar or otherwise restrict counsel for any Party from rendering advice to his or her clients with respect to this Action or, in the course thereof, relying upon Confidential, Highly Confidential, or Outside Counsel Only Information, provided that in rendering such advice, counsel shall not disclose any other Supplying Party's Confidential, Highly Confidential, or Outside Counsel Only Information other than in a manner provided for in this Protective Order.

## 11. USE AND DISCLOSURE OF OWN AND INDEPENDENTLY OBTAINED INFORMATION

11.1    Notwithstanding any provision of this Protective Order, the restrictions and protections conferred by this Protective Order do not, and shall not be construed to: (1) limit or preclude any Supplying Party from using its own Confidential, Highly Confidential, or Outside Counsel Only Information in any manner it sees fit, without prior consent of any Party, nonparty, or the Court; (2) limit a Receiving Party from using, in any manner it sees fit, (a) information known to and lawfully obtained by the Receiving Party prior to the production or disclosure of that same information by a Supplying Party in this Action, or (b) information obtained by the Receiving Party from a different source who obtained the information lawfully and is under no obligation of confidentiality to the Supplying Party; or (3) apply to any information that is lawfully in the public domain at the time of production or disclosure or lawfully becomes part of the public domain after its production or disclosure as a result of publication not involving a violation of this Protective Order.

## 12. NONPARTY DISCOVERY

12.1    The Parties shall serve a copy of this Protective Order simultaneously with any subpoena or other request for documents or information issued to any nonparty in connection with this Action.  A nonparty from which discovery is sought by one or more Parties to this Action may designate Discovery Material that it produces as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" consistent with the provisions of this Protective Order.  Under such circumstances, Discovery Material designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "OUTSIDE COUNSEL ONLY" by a nonparty shall be assigned the same protection as Designated Material so designated by a Party that is a Supplying Party, and all duties and protections applicable to a Party that is a Supplying Party under this Protective Order shall apply to the nonparty Supplying Party.

**13.    MODIFICATION; DURATION; RETURN OF DESIGNATED MATERIAL**

13.1    By written agreement of the Parties or upon motion and order of the Court, the terms of this Protective Order may be amended, modified, or superseded.  The provisions of this Protective Order concerning the confidentiality of and protections afforded to Designated Material shall continue in full force through trial and any appeals related to this Action and survive any final judgment or settlement in this Action, unless otherwise amended, modified, or superseded by written agreement of the Parties or express order of the Court.

13.2    Upon the conclusion of this Action, including any appeals, at the written request of the Supplying Party, all Designated Material and any and all copies thereof that were produced or disclosed by that Supplying Party shall, at the Receiving Party's option and within sixty (60) calendar days of receipt of the request, either be destroyed or returned to the Supplying Party, provided, however, that counsel may retain their attorney work product and all court-filed documents, even though they contain Confidential, Highly Confidential, or Outside Counsel Only Information, provided that such retained work product and court-filed documents shall remain Designated Material subject to the terms of this Protective Order.

13.3    At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, containing Designated Material shall deliver to the Supplying Party an affidavit certifying that, except as otherwise provided in this Section 13, reasonable efforts have been made to assure that all such Designated Material and any copies thereof have been destroyed or delivered in accordance with the terms of this Protective Order.

13.4    The provisions of this Section 13 regarding destruction or return of Designated Material do not apply to Designated Material, copies thereof, or other documents containing Designated Material that the Receiving Party has a separate legal obligation to maintain, and no Receiving Party shall be required to return or destroy Designated Material from:  (1) disaster recovery or business continuity backups, (2) data stores in system-generated temporary folders or near-line storage, and/or (3) unstructured departed employee data.    Backup storage media will

not be restored for purposes of returning or certifying destruction of Designated Material, but such retained information shall continue to be treated in accordance with this Protective Order.

**14.    RESERVATION OF RIGHTS**

14.1    The Parties specifically reserve the right to challenge the designation of any particular Designated Material and agree that by stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

14.2    Entry of this Protective Order shall be without prejudice to any motion for relief from or the modification of the provisions hereof or to any other motion relating to the production, disclosure, exchange, or use of Discovery Material in the course of this Action, and shall not prevent any Party or nonparty from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

Dated: January 24, 2025

By:  /s/ *Atara Miller*
    Scott A. Edelman
    Atara Miller
    Stephen P. Morgan
    Peter Rosania
    MILBANK LLP
    55 Hudson Yards
    New York, NY 10001-2163
    Telephone:  212-530-5000
    Email:  sedelman@milbank.com
         amiller@milbank.com

    -and-

    Stuart Rosen
    Hope Lloyd
    Marion Burke
    7 World Trade Center
    250 Greenwich Street
    New York, NY 10007

    *Counsel for Petitioner*
    *Broadcast Music, Inc.*

By:  /s/ *Benjamin E. Marks*
    Andrew S. Tulumello (*pro hac vice*)
    Crystal L. Weeks (*pro hac vice*)
    Sherry Safavi (*pro hac vice*)
    WEIL, GOTSHAL & MANGES LLP
    2001 M Street, NW, Suite 600
    Washington, DC 20038
    Telephone: (212) 682-7000
    Email:  drew.tulumello@weil.com

    Benjamin E. Marks
    Todd Larson
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8029
    Email:  benjamin.marks@weil.com

    *Counsel for Respondent*
    *Sirius XM Radio LLC*

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

**SO ORDERED**.

_____
  HON. KATHERINE POLK FAILLA
  United States District Judge

Dated:  January 29 , 2025
     New York, New York

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BROADCAST MUSIC, INC.,

                     Petitioner,

          v.

SIRIUS XM RADIO LLC f/k/a SIRIUS XM
RADIO INC.,

                     Respondent.

24 Civ. 6896 (KPF)

Related to *United States v. Broadcast Music, Inc.*, 64 Civ. 3787 (LLS)

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER

I _____, under penalty of perjury, 28 U.S.C. §1746, declare as follows:

1.    Information, including documents and things, designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", and/or "OUTSIDE COUNSEL ONLY" as defined in the Stipulation and Protective Order entered in the above-captioned action (the "Protective Order") is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.    I have been given a copy of and have read the Protective Order.

3.    I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

4.    I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Protective Order.

5.    I acknowledge that violation of the Protective Order may result in sanctions or penalties for contempt of court.

6.    I agree to not use any materials disclosed to me that are designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", and/or "OUTSIDE COUNSEL ONLY"

pursuant to the Protective Order except for purposes of the above-captioned litigation and to not disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge in the above-captioned action.

    7.   I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

_____
Date

_____
Name (typed or printed)

_____
Signature