**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BROADCAST MUSIC, INC.,

Petitioner,

v.

SIRIUS XM RADIO LLC f/k/a SIRIUS XM RADIO INC.,

Respondent.

24 Civ. 6896 (KPF)

Related to *United States v. Broadcast Music, Inc,* 64 Civ. 3787 (LLS)

**THIRD AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Third Amended Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure (the "Federal Rules").

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Prior to the filing of the Petition, the parties engaged in business negotiations regarding the subject matter of this action but did not reach an agreement. The parties have had further communication between business principals on a resolution but, to date, those communications have not been productive.

3. The parties have conferred pursuant to Federal Rule 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed by January 17, 2025.

5. Initial disclosures pursuant to Federal Rule 26(a)(1) shall be completed no later than January 8, 2025.

6. Discovery

   a. The parties are to conduct discovery in accordance with the Federal Rules and the Local Rules of the Southern District of New York (the "Local Rules").

   b. The parties are to discuss, if and as appropriate, provisions for the disclosure, discovery, or preservation of electronically stored information (ESI). Any agreement reached between the parties concerning ESI is to be filed by January 24, 2025.

   c. The parties agree that a procedure for designating materials as confidential is necessary in this matter. Any agreement between the parties for designating materials as

confidential must conform to the Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), which are available at https://nysd.uscourts.gov/hon-katherine-polk-failla, regarding the filing of materials under seal. Any confidentiality agreement between the parties is to be filed by January 24, 2025.

d. The parties are also to discuss protocols for asserting claims of privilege or of protection as trial-preparation material after such information is produced, pursuant to Federal Rule of Evidence 502. Any agreement reached between the parties concerning such protocols is to be filed by January 24, 2025.

e. All fact discovery shall be completed no later than April 30, 2026, with the exception of depositions noticed prior to April 30, 2026, which shall be completed no later than June 4, 2026.

f. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than October 6, 2026.

7. Interim Fact Discovery Deadlines

a. Initial requests for production of documents shall be served by January 24, 2025.

i. The parties shall be entitled to serve supplemental requests for production.

ii. Written responses and objections to requests for production shall be served within thirty days of service of the requests. The parties shall meet and confer within two weeks following receipt of the opposing party's responses and objections to discuss objections to, and limitations of, any such requests for production.

iii. Document production will occur on a rolling basis.

b. Substantial completion of document production in response to initial requests for production shall be accomplished by July 3, 2025.

c. Unless otherwise ordered by the Court, interrogatories must be served no later than 60 days before the close of fact discovery.

d. Depositions of fact witnesses shall be completed by June 4, 2026.

i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

iii. Notwithstanding the deadline for completion of fact witness depositions, any party witness identified as a trial witness after such date, who was not

deposed during fact discovery, will be made available for deposition within a reasonable time prior to trial.

e. Requests to admit shall be served no later than 30 days before the close of fact discovery. The parties will endeavor to address any admissions regarding authenticity of documents by stipulation rather than requests to admit and agree that requests to admit other than those related to authenticity shall be limited to 50 requests per side.

f. Any of the deadlines in paragraphs 7(a) through 7(e) may be extended by the written consent of all parties without application to the Court.

8. Interim Expert Discovery Deadlines

a. Expert reports, with all documents required to be produced pursuant to Federal Rule 26(a)(2)(B), shall be exchanged on or before July 17, 2026.

b. Expert rebuttal reports, with all documents required to be produced pursuant to Federal Rule 26(a)(2)(B), shall be exchanged on or before September 10, 2026.

c. Depositions of expert witnesses shall be completed by October 6, 2026.

d. Any of the deadlines in paragraphs 8(a) through 8(c) may be extended by the written consent of all parties without application to the Court.

9. All motions and applications shall be governed by the Federal Rules, the Local Rules, and the Court's Individual Rules.

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party may submit a letter to the Court, no longer than three pages, explaining the nature of the dispute and requesting an informal conference. Such a letter must include a representation that the meet- and-confer process occurred and was unsuccessful. If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.

11. Counsel for both parties must meet in person or by videoconference for at least one hour to discuss settlement within 14 days following the deadline for completion of fact witness depositions.

12. Alternative dispute resolution/settlement

a. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

The parties have exchanged information in the course of pre-suit negotiations. Counsel for the parties agree that requiring the further informal exchange of information and/or settlement discussions would not be productive at this time.

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

Counsel for the parties agree that, in the event the parties pursue an alternate dispute resolution mechanism, the parties would engage a privately retained mediator.

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12(b) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

The parties remain willing to engage in settlement discussions at an appropriate time, but do not believe alternative dispute resolution mechanism would be productive prior to close of fact discovery.

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

13. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case. Before filing a summary judgment motion, the moving party must file a pre-motion submission pursuant to Section 4(A) of the Court's Individual Rules. The submission shall be filed within 35 days of the close of fact or expert discovery, whichever comes later.

14. Similarly, any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, is to be filed within 35 days of the close of expert discovery. Unless otherwise ordered by the Court, opposition to any such motion is to be filed two weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one week after service of any opposition.

15. Unless otherwise ordered by the Court, within 35 days of the close of all discovery, or, if a dispositive motion has been filed, within 35 days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Federal Rule 26(a)(3). The parties shall also follow Paragraph 5 of the Court's Individual Rules, which paragraph identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

16. The parties shall file proposed findings of fact and conclusions of law on or before the Joint

Pretrial Order due date in accordance with the Court's Individual Rules.

17. Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial 30 days after the Joint Pretrial Order is filed.

18. This case is not to be tried to a jury.

19. Counsel for the parties have conferred and the present best estimate of the length of trial is two to three weeks.

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule 26(f)(3), are set forth below.

None.

Counsel for the Parties:

*/s/ Atara Miller*
Scott A. Edelman
Atara Miller
Stephen P. Morgan
Peter Rosania
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
Telephone: 212-530-5000
Email: sedelman@milbank.com
amiller@milbank.com

-and-

Stuart Rosen
Marion Burke
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Counsel for Petitioner Broadcast Music, Inc.*

*/s/ Benjamin E. Marks*
Andrew Tulumello (*pro hac vice*)
Crystal L. Weeks (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20038
Telephone: (212) 682-7000
Email: andrew.tulumello@weil.com

Benjamin E. Marks
Todd Larson
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8029
Email: benjamin.marks@weil.com

*Counsel for Respondent Sirius XM Radio LLC*

**TO BE FILLED IN BY THE COURT IF APPLICABLE:**

______________________shall file a motion for ____________________________no later than ________________________________. Any opposition shall be filed by _________________ and any reply shall be filed by __________. One courtesy copy of all motion papers, marked as such, shall be mailed or hand delivered to the Court by the movant at the time the reply is served. All courtesy copies should be three-hole punched, tabbed, and placed in binders as specified in the Court's Individual Rules.

The next pretrial conference is scheduled for August 25, 2026 at 10:00 a.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.

By Thursday of the week prior to that conference, the parties shall file on ECF, and provide a courtesy copy, clearly marked as such, via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a joint letter, not to exceed three pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1) A statement of all existing deadlines, due dates, and/or cut-off dates;

(2) A brief description of any outstanding motions;

(3) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(4) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

(5) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(6) A statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion; and

(7) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and must be made no fewer than two business days prior to the expiration of the date sought to be extended.

Given the protracted discovery schedule, the Court does not anticipate granting further extensions of the discovery deadlines.

SO ORDERED.

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

Dated: June 2, 2026
New York, New York